IN THE SUPERIOR COURT



**FILED**

June 22, 2020

TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

PATRICK KRALIK,

               PLAINTIFF,

      v.

OSAGE STX HOLDINGS, LLC,

               DEFENDANT.

**SX-19-CV-061**

Cited as: 2020 VI SUPER 069

**Appearances:**

Lee J. Rohn, Esq.
*For the Plaintiff*

Eric A. Hiller, Esq.
*For the Defendant*

## MEMORANDUM OPINION and ORDER

**WILLOCKS, Presiding Judge**

    **THIS MATTER** is before the Court on the Defendant's Motion to Compel Plaintiff to Execute Discovery Authorizations (hereinafter "Motion") filed January 13, 2020. An Opposition and Reply were both filed on January 16, 2020. The Plaintiff filed an additional Motion to Compel Discovery and Compel Plaintiff to Execute Discovery Authorizations on March 17, 2020 (hereinafter "Second Motion"), which was followed by an Opposition on March 23, 2020 and a Reply on April 6, 2020.

### BACKGROUND

    On December 18, 2019, counsel for the Defendant requested the release of the Plaintiff's medical and employment records. (Mot. 2.) Though all correspondence between lawyers was supposed to be conducted by email, as previously agreed, Plaintiff's counsel responded by regular mail with a response that she would not have her client execute the release forms because the released documents would then be addressed to Defendant's counsel who is not a party to litigation. (Mot. at 2. *See* Exhibit 2 to Mot.) Plaintiff's counsel also stated that the release forms did not indicate that any documents

received by Defendant's counsel were required to be provided to Plaintiff's counsel within twenty days of receipt. (Mot. at. 2. *See* Exhibit 2 to Mot.)

Thereafter, Defendant's counsel redrafted the release forms to include the information mentioned by Plaintiff's counsel and sent them back. (Mot. at 2.) This time, Defendant's counsel also included releases for income tax, criminal history, and employment records. (*Id.*) Plaintiff's counsel took issue again because confidential medical records could not be submitted to Defendant's counsel, but only to the Defendant directly. (*Id.* at 3.) Defendant's counsel then offered to meet and confer regarding the discovery issues, but Plaintiff's counsel declined, stating that the requirement to meet and confer prior to the filing of a discovery motion would be waived. (*Id. See* Exhibit 4 to Mot.)

Defendant's counsel thus accuses Plaintiff's counsel of attempting to stall discovery by refusing to execute the authorizations. (Mot. at 1.) Plaintiff's counsel has not asserted that the information is not discoverable, but rather "that an attorney is not entitled to receive discovery on behalf of his client." (*Id.*) The Defendant notes that these authorizations are standard in personal injury cases such as this, and also that Rule 37(a)(5)(A) of the Virgin Islands Rules of Civil Procedure entitles the Defendant to costs and fees incurred in filing this motion. (*Id.*)

In the very brief opposition, Plaintiff's counsel argues that this matter is moot because Defendant's counsel sent the release forms again—properly modified—on January 13, 2020 and the Plaintiff has been asked to go to counsel's office to sign them. (Opp'n 1.) The releases will reportedly be sent out within thirty days, as per the request for production that they accompanied. (*Id.*) In the Reply, the Defendant argues that the Plaintiff is still attempting to delay and that waiting an additional thirty days is unreasonable. (Reply 1-3.)

The Defendant's Second Motion was filed more than a month after the Opposition and Reply were filed. Therein, Defendant's counsel again asserts that Plaintiff's counsel is "stonewalling discovery" and refusing to confer. (Second Mot. 1.) According to the Defendant, the Plaintiff decided

to execute the releases subject to a confidentiality agreement, but the agreement was not provided to the Defendant until February 28, 2020. (*Id.* at 3.) On March 3, 2020, the Defendant informed the Plaintiff that it intends to proceed with these motions rather than sign the confidentiality agreement. (*Id.*) This was after multiple attempts to set up a time to meet and confer between January and the end of February. (*Id.*) On February 27, 2020, at an agreed upon time, Defendant's counsel called Plaintiff's counsel to confer and was told they would have to reschedule due to unavailability. (*Id.* at 4.) The Defendant asserts that the Plaintiff has failed to act in good faith. (*Id.*)

Also contained in the Second Motion is a request to compel full responses to Interrogatory Nos. 1, 2, and 14 and Request for Production Nos. 6, 35, and 46, which will be discussed more fully below.

## DISCUSSION

### 1) Execution of Discovery Releases

Pursuant to the Virgin Islands Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." V.I.R. Civ. P. 26(4). To be clear, the definition of "party" includes people "acting by counsel." V.I.R. Civ. P. 1-2(a).

The Court agrees with the Defendant that Plaintiff's counsel is stalling. Not only are these releases standard for personal injury and discoverable, but Defendant's counsel even edited them to include language requested by Plaintiff's counsel. To assert that documents cannot be released to a party's attorney is absurd and the Court has never heard such a unique argument. Furthermore, the idea that documents must be released to a party and not the party's attorney is not supported by the definition of "party" provided in the Rules of Civil Procedure.

As for the releases as provided to the Plaintiff in the form of requests for production, the Court will order the execution of the releases prior to the time to respond to the requests because the Plaintiff has had plenty of time to sign them and has never had any reason to decline to do so. Failure to timely return the releases to the Defendant's counsel will result in sanctions.

### 2) Interrogatory Responses

Pursuant to the Rules of Civil Procedure, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b) [generally, that it is relevant and discoverable]." V.I.R. Civ. P. 33(a)(2). Each interrogatory must be answered fully and any grounds for objection must be stated or it may be waived. V.I.R. Civ. P. 33(b)(3)-(4).

As to Interrogatory Nos. 1, 2, and 14, the Defendant asserts that the responses are deficient because they do not fully identify individuals in accordance with the meaning of "identify" established in the discovery request. (Second Mot. at 4-5.) The Defendant requested full names, home and business addresses (current and during the time period relevant to the case), businesses and professions during the relevant time period, and every office, title, or position held during that time period. (Id. at 5.)

The Defendant takes issue with the response to Interrogatory No. 1 because the Plaintiff provided only the name of the Plaintiff and none of the other information, which the Court finds to be blatantly deficient. For Interrogatory No. 2, the Defendant requested identification of people having custody of papers pertaining to the Plaintiff's income. (Second Mot. at 5.) However, the identity of such persons was not given. Also requested were the names, business addresses, dates of employment, and pay rates of the Plaintiff for the last ten years. (Id.) The Plaintiff appears to have provided information for only the last nine years, which is not a full response.

With regard to Interrogatory No. 14, the request was to identify all persons known or believed by the Plaintiff, his agents, or attorneys, to have any knowledge about this lawsuit and specify their scope of knowledge. (Id. at 5-6.) The Plaintiff listed five people but did not identify them fully as per the established definition of "identify."

In this case, the Plaintiff has not objected to the interrogatories and must answer fully. A review of the interrogatories and the Plaintiff's responses show that the responses are not complete. The Plaintiff has neglected to fully identify individuals and businesses, and for Interrogatory 12 has also

failed to include information from 2010 in his response. As such, the Court agrees that the Plaintiff's responses to Interrogatory Nos. 1, 2, and 14 require supplementation.

### 3) Request for Production Responses

The Defendant argues that the responses to Request for Production Nos. 6, 35, and 46 are also insufficient. (Second Mot. 6.) In Request No. 46, the Defendant asked for "industry, government, statutory, regulatory, or community/private standards, guidelines, and recommendations," that the Plaintiff asserts were violated by the Defendant or a non-party in relation to the Plaintiff's claim. The Plaintiff's response was an objection that the request asks for work product.

Under Rule 26 of the Rules of Civil Procedure, a party generally may not discover documents that are considered work product, which is "prepared in anticipation of litigation" by a party or their attorney or other agent. V.I.R. Civ. P. 26(b)(3)(A). In this particular case, there is no conceivable way that the requested documents can be deemed work product, because they could not have been prepared in anticipation of litigation. The Defendant is seeking established procedures or guidelines that would have been in effect at the time relevant to the Plaintiff's claims, not created afterward because of the claims. The Plaintiff will be ordered to supplement accordingly.

As for Request for Production Nos. 6 and 35, the Defendant has requested copies of the Plaintiff's tax documents evidencing his income for the last ten years, and copies of documents relating to his employment for the last ten years, "including but not limited to records of income earned, schedule and hours, policies, training, reviews, awards, disciplinary action, commendations, correspondence, resumes and/or summaries of same." (Second Mot. at 6.) The Plaintiff's response to each was that his 2015 to 2018 Income Tax Return was previously produced. The Plaintiff's response is clearly insufficient, because the Defendant has asked for much more than tax returns. Furthermore, the documents already provided only cover the last five years, not ten. The failure to properly respond is blatant, and the Court will order supplementation.

## CONCLUSION

In sum, the Court agrees with the Defendant that the Plaintiff has attempted to stall discovery by not cooperating with the releases that need to be signed. The Plaintiff has also made several insufficient responses to the Defendant's discovery requests as discussed above. The Court will therefore order the releases to be executed, order the supplementation of the insufficient discovery responses, and will award costs and fees to the Defendant in filing these two motions. Accordingly, it is hereby:

**ORDERED** that the Defendant's Motion to Compel Plaintiff to Execute Discovery Authorizations is **GRANTED**; it is further

**ORDERED** that the Defendant's Motion to Compel Discovery and Compel Plaintiff to Execute Discovery Authorizations is **GRANTED**; it is further

**ORDERED** that the Defendant is entitled to costs and fees, including attorney fees, incurred in the filing and support of these two motions; it is further

**ORDERED** that the Plaintiff provide the Defendant with the properly executed releases within **FIVE (5) DAYS**. Delay in delivering the releases will incur sanctions in the amount of five-hundred dollars ($500.00) per each day of noncompliance with this Order. It is further

**ORDERED** that the Plaintiff will supplement discovery as indicated in the text of this document within **FOURTEEN (14) DAYS**.

**DONE and so ORDERED this** 22nd **day of June, 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: __6/23/2020__

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**